**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------X  Case No. 17-cv-02456
ELISHA PINCKNEY, on behalf of herself individually
and all others similarly situated,

                                                  Plaintiff,

                                                                                                     CLASS ACTION
                                                                                                      **COMPLAINT**

         -against-

BERKS CREDIT & COLLECTIONS, INC.,

                                                 Defendant.
---------------------------------------------------------------------------X

        Plaintiff, by and through her attorneys FAGENSON & PUGLISI, PLLC, upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against above-named defendant and in support thereof alleges the following:

## INTRODUCTION

        1.    This is an action for damages brought by an individual consumer and on behalf of a class for defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* which prohibits debt collectors from engaging in abusive, deceptive and unfair acts and practices.

        2.    Further, this is an action for damages and injunctive relief brought by an individual consumer against defendant pursuant to New York General Business Law ("NYGBL") § 349 regarding defendant's deceptive acts and practices.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction pursuant to the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 and supplemental jurisdiction exists over the NYGBL § 349 claims pursuant to 28 U.S.C. § 1367.

4. This Court has venue pursuant to 28 U.S.C. § 1391(b) in that plaintiff resides in this District and a substantial portion of the events or omissions giving rise to this action occurred in this District.

## PARTIES

5. Plaintiff is a natural person who resides in this District.

6. Plaintiff is a consumer within the meaning of 15 U.S.C. § 1692a(3) as she is a natural person who is alleged by defendant to owe a financial obligation.

7. The financial obligation which defendant sought to collect from plaintiff is a debt within the meaning of 15 U.S.C. § 1692a(5) in that the obligation which defendant sought to collect from plaintiff is alleged to be a defaulted debt which was originally incurred for personal, family or household purposes regarding the Eye Care and Surgery Center.

8. Plaintiff is a reasonable consumer within the meaning of NYGBL § 349 who acted reasonably under the circumstances alleged herein.

9. Defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6).

10. The principal purpose of defendant's business is the collection of defaulted consumer debts.

11. Defendant uses the mails in its business the principal purpose of which is the collection of defaulted consumer debts.

12. Defendant regularly collects or attempts to collect defaulted consumer debts owed or due or alleged to be owed or due to others.

13. Upon information and belief, defendant is a foreign business corporation incorporated in Pennsylvania.

## FACTUAL ALLEGATIONS

14. Plaintiff re-alleges paragraphs 1-13 as if fully re-stated herein.

15. Defendant sent to plaintiff a collection letter dated May 20, 2016.

16. Defendant stated in the caption of the letter:

"RE: THE EYE CARE AND SURGERY CENTE".

17. Defendant thereafter stated in the body of the letter, in pertinent part:

"Please be advised that your account has been placed with Berks Credit & Collections, Inc. for collection."

18. Defendant also stated in the letter, in pertinent part:

"All returned checks are subject to a minimum charge of $25.00."

19. Plaintiff's account was alleged to be in default.

20. The letter was defendant's first communication with plaintiff in connection with the collection of the debt.

21. The letter was defendant's first written communication with plaintiff in connection with the collection of the debt.

22. Defendant sent no letter to plaintiff within five days after the date on which defendant sent the letter dated May 20, 2016.

23. In its letter, defendant fails to identify the creditor to whom the debt is owed.

24 In its letter, defendant improperly stated that it could charge a minimum of $25.00 for a returned check.

25. Upon receipt of defendant's letter, plaintiff did not know who the creditor of her debt was and felt confused and annoyed thereby.

26. Upon receipt of defendant's letter, plaintiff felt, erroneously, that defendant could lawfully charge her a minimum of $25.00 for a returned check.

27. Upon receipt of defendant's letter, plaintiff did not know whether there was a maximum amount above which defendant could not charge for a returned check or whether defendant could charge her an unlimited amount.

AS AND FOR A FIRST CAUSE OF ACTION

*Failure to identify the creditor clearly and effectively*

15 U.S.C. §§ 1692g(a)(2) and 1692e

28. Plaintiff re-alleges paragraphs 1-27 as if fully re-stated herein.

29. Defendant's letter stated in its caption that the letter was "RE: THE EYE CARE AND SURGERY CENTE".

30. Defendant's letter further stated: "Please be advised that your account has been placed with Berks Credit & Collections, Inc. for collection."

31. In its letter defendant fails to identify clearly and effectively the creditor to whom the debt is owed.

32. Defendant does not state in the caption of the letter whether the entity it describes as "The Eye Care and Surgery Cente" is the creditor of the debt defendant seeks to collect.

33. Defendant does not state anywhere in the letter whether The Eye Care and Surgery Cente is the creditor of the debt defendant seeks to collect.

34. Nowhere in the letter does defendant state who the creditor of the debt is.

35. The word "creditor" does not appear in the letter.

36. Defendant included no language in the letter to indicate who the creditor of the debt is.

37. Nowhere in the letter does defendant state what, if any, is the relationship between The Eye Care and Surgery Cente and the debt.

38. Nowhere in the letter does defendant state on whose behalf it is acting in sending the letter.

39. Nowhere in the letter does defendant state who it represents in sending the letter.

40. Nowhere in the letter does defendant state what, if any, is the relationship between The Eye Care and Surgery Cente and defendant.

41. Defendant's failure to identify clearly and effectively the creditor of the debt contravenes 15 U.S.C. § 1692g(a)(2).

42. Defendant is further in violation of 15 U.S.C. § 1692e in that its failure to identify clearly and effectively the creditor of the debt constitutes a deceptive and misleading means used in an attempt to collect the debt.

## AS AND FOR A SECOND CAUSE OF ACTION

*Improper statement that returned checks are subject to a minimum charge of $25.00*

15 U.S.C. §§ 1692e, 1692e(2)(B), 1692f and 1692f(1)

43. Plaintiff re-alleges paragraphs 1-42 as if fully re-stated herein.

44. Defendant stated in its collection letter that:

"All returned checks are subject to a minimum charge of $25.00."

45. Upon receipt of defendant's letter, plaintiff had no idea how much defendant would charge her for a returned check fee in the event a check was returned.

46. Upon receipt of defendant's letter, plaintiff knew only that defendant would not charge her less than $25.00 as a returned check fee.

47. However, notwithstanding any law to the contrary, it is unlawful to charge a consumer in the State of New York a returned check fee of more than $20.00.

48. Defendant stated in its letter that it could charge plaintiff a minimum amount which is in excess of the maximum amount that it could lawfully charge plaintiff for a returned check.

49. Defendant's statement that it could charge plaintiff a returned check fee of a minimum of $25.00 is contrary to New York law.

50. Defendant's statement that it could charge plaintiff a returned check fee of a minimum of $25.00 is unlawful.

51. Defendant's statement that it could charge plaintiff a returned check fee of a minimum of $25.00 is therefore false, deceptive and misleading in violation of 15 U.S.C. § 1692e.

52. Defendant's statement that it could charge plaintiff a returned check fee of a minimum of $25.00 is also a false statement regarding the compensation defendant may lawfully receive for the collection of plaintiff's debt, in violation of 15 U.S.C. § 1692e(2)(B).

53. In addition, defendant's statement that it could charge plaintiff a returned check fee of a minimum of $25.00 is in violation of 15 U.S.C. §§ 1692f and 1692f(1), in that it is an unfair and unconscionable means used by defendant to attempt to collect a debt and it constitutes the representation that defendant could collect an amount not permitted by law.

54. Further, defendant's statement mentioned only the minimum amount that it would charge for a returned check.

55. Defendant's statement did not place a maximum cap on the returned check fee which it may charge a consumer.

56. Defendant did not state how it would calculate how much it would charge a consumer for a returned check.

57. Defendant provided no guidance to the consumer on how much she would be charged by defendant if her check is returned.

58. Defendant left the consumer to guess at how much defendant would charge her for a returned check.

59. The amount which defendant may lawfully charge for a returned check is not unlimited.

60. However, defendant gave the false impression in its letter that the amount which it could charge is unlimited.

61. By mentioning a minimum but not a maximum returned check charge, defendant gave the false impression to the least sophisticated consumer that defendant has unfettered discretion to decide the amount it charges for a returned check.

62. By mentioning a minimum but not a maximum returned check charge, defendant used a false, deceptive and misleading representation and an unfair and unconscionable means in its attempt to collect the debt, in violation of the 15 U.S.C. §§ 1692e, 1692e(2)(B), 1692f and 1692f(1).

## AS AND FOR A THIRD CAUSE OF ACTION

## NYGBL § 349

63. Plaintiff re-alleges paragraphs 1-62 as if fully re-stated herein.

64. Defendant owed a duty to plaintiff to effect its collection of plaintiff's alleged debt with reasonable care.

65. Defendant breached its duty to collect plaintiff's debt with reasonable care.

66. In the exercise of reasonable care defendant ought to have ensured that in its collection letters it did not tell consumers it could charge an amount for a returned check which is unlawful.

67. Further, in the exercise of reasonable care defendant ought to have ensured that in its collection letters it did not leave consumers to guess at the maximum amount which defendant could charge them for a returned check.

68. In its letters, defendant told consumers it would charge them a minimum amount which is greater than the maximum amount allowed by law for a returned check.

69. In its letters, defendant told consumers it would charge them a minimum amount of $25.00 for a returned check but did not tell consumers the maximum amount which it could charge.

70. Defendant is a collector of consumer debts.

71. Defendant is a collector of medical debts.

72. On information and belief, defendant sends collection letters to hundreds of consumers within the State of New York each year.

73. Defendant's letter to plaintiff is a form collection letter.

74. Defendant's letter to plaintiff is derived from a letter template.

75. Defendant's statement that it could charge plaintiff a returned check fee of a minimum of $25.00 is a deceptive act and practice.

76. Said deceptive act and practice was committed by defendant in the conduct of a business, trade or commerce or the furnishing of a service in the State of New York and constitutes a violation of NYGBL § 349.

77. Defendant's deceptive act and practice was consumer-oriented in that defendant's said statement was not an act limited to plaintiff's account, but extended to the accounts of other consumers which defendant sought to collect at all times relevant herein.

78. Defendant's said statement has a broad impact on consumers at large whose accounts are placed with defendant for collection, because at all times relevant herein defendant sent substantially the same letter to all consumers, all of which contained the same deceptive statement that "[a]ll returned checks are subject to a minimum charge of $25.00."

79. Defendant's statement was deceptive in a material way because defendant's statement would cause plaintiff and the reasonable consumer to believe that defendant could lawfully charge $25.00 or more for a returned check.

80. Further, defendant's statement was deceptive in a material way because defendant's statement would cause plaintiff and the reasonable consumer to have to guess at the maximum amount which defendant would charge for a returned check.

81. Plaintiff is a reasonable consumer within the meaning of the NYGBL and acted reasonably under the circumstances of this case.

82. Upon receipt of defendant's letter, plaintiff felt, erroneously, that defendant could lawfully charge her a minimum of $25.00 for a returned check.

83. Upon receipt of defendant's letter, plaintiff did not know whether there was a maximum amount above which defendant could not charge for a returned check or whether defendant could charge her an unlimited amount.

## CLASS ALLEGATIONS

84. Plaintiff re-alleges paragraphs 1-83 as if fully re-stated herein.

85. This action is brought on behalf of plaintiff and the members of two classes, Class A and Class B.

86. Class A consists of all persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letter defendant sent to plaintiff dated May 20, 2016; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undeliverable; and (d) the letter contained the aforesaid violations of 15 U.S.C. §§ 1692g(a)(2) and 1692e. The class does not include defendant or persons who are officers, directors or employees of defendant.

87. Class B consists of all persons who defendant's records reflect were sent debt collection letters within the State of New York within the period of time commencing one year before the filing of this complaint up to and including the date of the filing of the complaint and who were sent a collection letter (a) in substantially the same form as the letter defendant sent to plaintiff dated May 20, 2016; (b) the collection letter was sent to a consumer seeking payment of a consumer debt; (c) the collection letter was not returned by the postal service as undeliverable; and (d) the letter contained the aforesaid violations of 15 U.S.C. §§ 1692e, 1692e(2)(B), 1692f and 1692f(1) in that it contained the statement that: "All returned checks are subject to a

minimum charge of $25.00." The class does not include defendant or persons who are officers, directors or employees of defendant.

      88.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (A)    Based on the fact that the collection letter that is the gravamen of this litigation is a mass-mailed form letter, the class is so numerous that joinder of all members is impracticable. Upon information and belief, thousands of persons have received similar debt collection letters from defendant which violate the various provisions of the FDCPA.

    (B)    There are questions of law and fact common to each class and these questions predominate over any questions affecting only individual class members. The principal question presented by the claim of Class A is whether defendant violated the FDCPA by sending collection letters to consumers which failed to identify clearly and effectively the creditor of the debt, in violation of the FDCPA, §§ 1692g(a)(2) and 1692e. The principal question presented by the claim of Class B is whether defendant violated the FDCPA by sending collection letters to consumers which stated that defendant could charge an amount for a returned check which is unlawful or which impermissibly caused consumers to guess at the maximum amount which defendant could lawfully charge for a returned check.

(C) The only individual issue is the identification of the consumers who received the letters (the class members), a matter capable of ministerial determination from the records of defendant.

(D) The claims of plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) Plaintiff will fairly and adequately represent the class members' interests. Plaintiff has retained experienced counsel. Plaintiff's interests are consistent with those of the members of each class.

89. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA in 15 U.S.C. § 1692k. The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

90. If the facts are discovered to be appropriate, plaintiff will seek to certify a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

91. Communications from debt collectors, such as those sent by defendant, are to be evaluated under the FDCPA by the objective standard of the hypothetical "least sophisticated consumer".

92. As a result of the above violations, defendant is liable to plaintiff and the members of each class for injunctive relief and damages in an amount to be determined at the time of trial, plus costs and attorneys' fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant as follows:

(a) certifying a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(b) awarding class members the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(c) awarding plaintiff the maximum statutory damages pursuant to 15 U.S.C. § 1692k;

(d) awarding actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at time of trial;

(e) awarding reasonable attorneys' fees, costs and disbursements pursuant to 15 U.S.C. § 1692k;

(f) enjoining defendant from committing further deceptive and misleading acts and practices against plaintiff, pursuant to NYGBL § 349;

(g) awarding actual damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(h) awarding, in the alternative, statutory damages pursuant to NYGBL § 349 in an amount to be determined at time of trial;

(i) awarding reasonable attorneys' fees, costs and disbursements pursuant to NYGBL § 349(h); and

(j) for such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff requests trial by jury on all issues so triable.

Dated: New York, New York
April 25, 2017.

                                           /s/ Novlette R. Kidd
                                           NOVLETTE R. KIDD, ESQ. (NK 9339)
                                           FAGENSON & PUGLISI, PLLC
                                           Attorneys for Plaintiff
                                           450 Seventh Avenue, Suite 704
                                           New York, New York 10123
                                           Telephone: (212) 268-2128
                                           Nkidd@fagensonpuglisi.com